UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-6283-GW(JCx)** | Date | September 29, 2016 |
| Title | *Michael Perez v. DePuy Orthopaedics, Inc., et al.* | Page | 1 of 2 |

Present: The Honorable   **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) – RULING ON PLAINTIFF'S MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT [12]; AND DEFENDANTS' MOTION TO STAY PROCEEDINGS [16]**

On July 14, 2016, Plaintiff Michael Perez ("Perez") sued Defendants: (1) DePuy Orthopaedics, Inc. and DePuy International, Ltd. (collectively, "DePuy"); (2) Johnson & Johnson and Johnson & Johnson Services, Inc.; and (3) Thomas P. Schmalzried, M.D. and Thomas P. Schmalzried, a Professional Corporation (collectively, "Dr. Schmalzried") in the Los Angeles County Superior Court for injuries he suffered as a result of being implanted with a Pinnacle Acetabular Cup System marketed and sold by DePuy.  *See* Not. of Removal ¶¶ 1-2, Docket 1. On August 22, 2016, Defendants removed the case to this Court on the basis of diversity of citizenship.  *See generally* Not. of Removal ¶¶ 4-5.

On August 30, 2016, Plaintiff filed a motion to remand the case to Los Angeles County Superior Court contending that this Court does not have subject matter jurisdiction over the action because of a lack of complete diversity, and that Defendants improperly removed the case discounting the presence of non-diverse defendants under a fraudulent joinder theory.  Mot. to Remand, Docket No. 12.  On August 31, 2016, Defendants filed an objection to the motion. Obj., Docket No. 13.  On September 6, 2016, Plaintiff filed a reply in support of his motion. Reply, Docket No. 17.

On September 2, 2016, Defendants filed a motion to stay proceedings pending likely transfer to a multi-district litigation ("MDL") proceeding in the Northern District of Texas.  *See* Mot. to Stay, Docket No. 16.  Defendants also pointed out that this action has already been conditionally transferred to the pending MDL proceeding.  Mot. to Stay at 2; Conditional Transfer Order, Docket No. 16-3.  On September 22, 2016, Plaintiff filed an opposition to the motion to stay.  Opp., Docket No. 22.  On September 19, 2016, Defendants filed a reply in support of their motion.  Reply, Docket No. 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-6283-GW(JCx)** | Date | September 29, 2016 |
|---|---|---|---|

| Title | *Michael Perez v. DePuy Orthopaedics, Inc., et al.* | Page | 2 of 2 |
|---|---|---|---|

Pursuant to the Local Rule 7-15, the Court finds that the present motions may be adequately resolved without oral argument. *See* C.D. Cal. L.R. 7-15. Hence, the Court vacates the hearing date and issues the following ruling in light of the discussion set forth below: As it has done so in multiple cases raising the same competing motions involving these same defendants and the same medical device – a Pinnacle Acetabular Cup System – the Court will grant the motion to stay and deny the motion to remand without prejudice to its consideration as part of the MDL proceedings.

Whether or not Defendants properly removed this case can be just as easily decided in the MDL proceeding as by this Court. The Court's decisions in the other similar cases were based in part on the recognition that the MDL panel had established a centralized procedure for adjudicating remand motions, and the Court has consistently denied similar remand motions or requests involving the alleged fraudulent joinder of one or more of the same non-diverse defendants. *See Danning v. DePuy, Inc.*, CV 14-1475-GW (Jcx), Docket No. 34 (C.D. Cal. Apr. 9, 2014); *Jones v. DePuy Orthopaedics, Inc.*, CV 13-3178-GW (JCx), Docket No. 27 (C.D. Cal. June 11, 2013); *Fanning v. DePuy Orthopaedics, Inc.*, CV 13-3179-GW (JCx), Docket No. 24 (C.D. Cal. June 11, 2013); *Hamelberg v. DePuy Orthopaedics, Inc.*, CV 13-3180-GW (JCx), Docket No. 25 (C.D. Cal. June 11, 2013); *Stone v. DePuy Orthopaedics, Inc.*, No. CV-13-1265-GW (JCx), Docket No. 30 (C.D. Cal. Apr. 18, 2013); *Liebscher v. DePuy Orthopaedics, Inc.*, CV No. 12-6832, Docket No. 25 (C.D. Cal. Aug. 31, 2012); *cf. Mauck v. Boston Scientific Corp.*, CV 13-6343-GW (JEMx), Docket No. 43 (C.D. Cal. Oct. 16, 2013). Those cases were each transferred to the MDL proceeding shortly thereafter. *See Danning*, Docket Nos. 36-37; *Jones*, Docket Nos. 28-29; *Fanning*, Docket Nos. 26-27; *Hamelberg*, Docket Nos. 26-27; *Stone*, Docket Nos. 32-33; *Liebscher*, Docket No. 29.

Because the Court sees no threat of prejudice to any party from a short stay of this action pending further MDL proceedings and Plaintiff has not directed the Court to any controlling authority indicating that this Court's approach is improper, the Court will grant the motion to stay and deny the motion to remand without prejudice to that motion being resolved on its merits as part of the MDL proceedings.